***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in a Pre-Trial Agreement as
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. State Farm Insurance Company is the carrier on risk.
4. Robert Lee Simmons is the employer and father of Robert Wayne Simmons.
5. Plaintiff's average weekly wage was $660.11 yielding a compensation rate of $440.07.
6. Plaintiff's medical records, discovery responses, Industrial Commission Forms, payroll information, plaintiff's recorded statement and Robert Lee Simmons' recorded statement were stipulated into evidence as Stipulated Exhibit 1.
7. Additional wage information was stipulated into evidence as Stipulated Exhibit 2.
8. The issues before the undersigned are: (i) whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer; (ii) if so, what compensation, if any, is due plaintiff; and (iii) whether plaintiff is entitled to attorneys' fees?
 *********** EVIDENTIARY RULINGS
The objections raised in the deposition of Darrin F. Eakins, M.D., are OVERRULED.
 ***********
Based upon all the competent evidence adduced at the hearing, the Full Commission makes the following
 FINDINGS OF FACT
1. Plaintiff is employed by his father in a construction business. Defendant-Employer is in the drywall business.
2. Plaintiff gives a variety of conflicting accounts regarding the circumstances of how the alleged injury by accident occurred. In the Form 19, plaintiff reports he went down stairs, tripped and fell and sustained an injury to his knee. In the Form 18, plaintiff indicated he fell off a bench and injured his right knee and right wrist. In plaintiff's recorded statement taken by Ms. Elise Cobb of State Farm Insurance, he indicated that he felt a pop on the inner side of his right leg as he was stepping off the bench. In response to defendant's interrogatories, plaintiff stated he was on the workbench when he lost his balance and slipped 8-10
inches. He felt something pop in his right knee as he caught himself on the wall with his right wrist. In plaintiff's testimony at the hearing, plaintiff claimed that while holding a mud pan and trough, he lost his balance on his workbench and fell forward. He stated he caught himself with his hand but then his hand slipped.
3. Plaintiff alleges that he reported the accident to Robert Lee Simmons, his father, when he came to the job. Mr. Simmons indicated plaintiff informed him he was on a bench and when he came off the bench, he turned and twisted his right knee.
5. Plaintiff presented himself to Dr. Eakins three days later on April 15, 2002. At this visit he filled out an Initial Data form on which he checked no to a question, which asked whether the current injury occurred at work. Dr. Eakins stated in his testimony that plaintiff indicated to him that he had injured his knee at work. However, Dr. Eakins' records indicate the accident occurred on April 14, 2002, and there is no mention in those records that the incident occurred at work. Dr. Eakins' records also indicate plaintiff had had a prior history of some knee symptoms.
6. Plaintiff had a mild injury to his knee a year and a half prior to the alleged incident on April 12, 2002. Plaintiff was treated by Doctors' Urgent Care and did not miss any work as result of that injury and did not suffer any further symptoms after the initial accident a year and a half prior to April 14, 2002.
7. The Full Commission does not find plaintiff's testimony to be credible. Plaintiff has given five different accounts under oath of how the injury occurred. The dates from the medical records are inconsistent with plaintiff's claims. Further, Dr. Eakins medical notes, made contemporaneously with the visit, do not support plaintiff's claims that the injury occurred while the plaintiff was at work.
8. Plaintiff has failed to prove that he suffered an injury by accident arising out of and in the course of his employment with defendant-employer on April 12, 2002.
 ***********
Based in the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he sustained an injury by accident arising out of and in the course of the employment and is therefore not entitled to benefits under the Workers' Compensation Act. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing stipulation, findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim must be, and the same is hereby, DENIED.
2. Defendants shall pay the costs.
This the 31st day of July 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER